IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) | Civil Action No. 2:21-cv-1063-RMG |
| Plaintiff, | ) ) | |
| vs. | ) ) | **PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| ALAN JOSEPH LANG and MICHAEL J. PATTERSON, | ) ) ) | |
| Defendants. | ) ) | |

For the following reasons none of the Defendant's submissions create a genuine issue of material fact regarding State Farm's duty to defend Lang against the Patterson lawsuit, nor on Lang's Counterclaims.

**THE DUTY TO DEFEND**

The duty to defend, like all duties, must be created by something. An affirmative legal duty may be created by statute, a contractual relationship, status, property interests or some other special circumstance. Spence v. Wingate, 716 S.E.2d 920 (S.C. 2011)  The duty to defend must be created and based upon allegations against the insured or facts external to the allegations known to the insurer. Accordingly, if the duty to defend exists it must exist by virtue of the allegations in Patterson's Complaint and Amended Complaint against Lang or, if not, upon other information known to State Farm. Whether a duty exists is a question of law for the court. Lawing v. Trinity, 749 S.E.2d 126 (S.C. App. 2013); Fay v. Grand Strand, 771 S.E.2d 639 (S.C. App. 2015); Wright v. PRG Real Estate, 775 S.E.2d 399 (S.C. App. 2015)

There is no question of fact about what Patterson's Complaint and Amended Complaint allege. Patterson's first Complaint alleges causes of action for assault and for battery and provides allegations of facts. The Amended Complaint repeats the same facts and simply adds a cause of action for negligence. As explained in State Farm's memorandum [Docket Entry 17], the torts of assault and battery are inherently intentional and the legal sleight of hand of characterizing intentional conduct as negligence to simply manufacture liability coverage for an otherwise uncovered claim is not allowed. Therefore, Patterson's pleadings do not create a duty to defend.

The second potential source of a duty to defend is information known to State Farm. If anything, these submissions establish an intentional act which, by definition, cannot constitute an accident. For example, page 8 of Lang's entry number 18-10 is an incident report which states in part "PFC Garcia stated the altercation was clearly visible on the security footage and it was obvious that Lang had struck Patterson in the face with his hand with no obvious provocation from Patterson." This security footage of the Patterson-Lang altercation is enclosed in a CD attached to this Reply sent to the Court's post office box.(Lang is the person wearing a hat who throws a punch.) This brief video needs no elaboration and speaks for itself.

Page 1 of Lang's memorandum claims State Farm is inviting this Court "to join it in supplanting the role of the fact finder…" On page 4 Lang states that the judge in the underlying case "has made no dispositive ruling in the case nor has there been any finding of fact by the jury." These arguments are irrelevant to whether a duty to defend exists. State Farm is not inviting the Court to find any facts. State Farm has already explained in its memorandum in support of its Motion for Partial Summary Judgment that regarding the duty to indemnify the facts of the Patterson-Lang altercation are to be determined subsequent to the Patterson-Lang trial at which

time State Farm can contest the duty to indemnify. See, Ex Parte: Builders Mutual v. Island Pointe, 847 S.E.2d 87 (S.C. 2020)

While the duty to defend can be created by and based upon allegations in a pleading against the insured or upon acts external to the pleadings known to the insurer, what does not create a duty to defend is the insured's denial of the allegations against him. Any rule otherwise will allow an insured to create a duty to defend simply by denying the allegations against him. Thus, for example, Lang's alleged "multiple statements to State Farm" [Docket Entry 18, pg. 15] wherein Lang supposedly explained he acted in self-defense does not create a duty to defend. Likewise, Lang's argument "that State Farm was required to defend Lang from the beginning of the claim based upon Lang informing State Farm of the actual circumstances of the incident" [Docket Entry 18, pg. 17] does not create a duty to defend.

### THE UNATTESTED STATEMENTS IN LANG'S BRIEF AND STATEMENTS BY LANG'S ATTORNEY ARE NOT EVIDENCE AND SHOULD BE DISREGARDED.

Lang's memorandum in opposition to State Farm's Motion for Partial Summary Judgment contains Exhibits A through Z. None of these exhibits is an affidavit of Lang.

Pages 1 and 2 of Lang's memorandum cite the altercation from Lang's perspective unsupported by any affidavit of Lang. Lang's memorandum also contains the following statements unsupported by any affidavit of Lang:

- "On June 3, 2019 Lang called State Farm to inform them of the events concerning the subject evening and spoke with Makayla (last name unknown). Lang was told State Farm would likely provide coverage for the claim…Lang continued to provide State Farm materials as they were requested…" [Docket Entry 18, pg. 6]

3

- "During the course of their discussions, Lang informed State Farm claims specialist Scott Whiteside of the actual events concerning the subject evening." [Docket Entry 18, pg.7]

- "State Farm contacted Lang to discuss Patterson's demand package during which conversation Lang informed State Farm of the false allegations of Patterson…" [Docket Entry 18, pg. 7]

- "On October 1, 2020 Lang spoke with an in-house attorney for State Farm in which he reiterated his explanation of the night's events and requested that State Farm provide him with a defense…State Farm's in house counsel did not inform Lang that State Farm was aware that a genuine question of fact regarding self-defense, in response to a third party's allegations of assault, triggers a duty to defend and possibility of coverage under the policy language at issue." [Docket Entry 18, pg. 8]

- "As Lang continued to call to inquire upon his request for a copy of his policy, he spoke with State Farm representative Mark Black on November 2, 2020… [Docket Entry 18, pg. 10]

- Page 23 of Lang's memorandum recites verbal communications from Mark Black to Lang which, although paraphrased, is nonetheless in quotation marks.

Lang's unattested statements, even if supported by an affidavit, would nonetheless not create a duty to defend and are nothing more than arguments in a brief. An attorney's statements regarding the facts of a case and arguments are not evidence. Richards v. Clemson, 638 S.E.2d 77 (footnote 7) (S.C. App. 2006); Erickson v. Boykin, 651 S.E.2d 606, 610 (S.C. App. 2007)

Not only does Lang's brief assert unattested statements by Lang, Lang's personal counsel makes his own statements such as:

- "Lang's personal counsel requested that he obtain a copy of his policy directly from State Farm with the expectation that State Farm would more quickly be able to provide Lang a copy of this policy directly…" [Docket Entry 18, pgs. 8, 9]

- "Lang's personal counsel initiated conversations with State Farm's in-house counsel during October 2020 by politely explaining that State Farm was incorrect in its prior denials of a defense to Lang…" [Docket Entry 18, pg. 9]

- "Lang's personal counsel informed State Farm's in-house counsel that a comprehensive written response would be provided to State Farm explaining its breach of obligations upon receipt of the insurance policy, which had not yet been received.  State Farm's in-house counsel informed Lang's personal counsel that State Farm would only reconsider its position upon receipt of an Amended Complaint that expressly triggered coverage." [Docket Entry 18, pgs. 9, 10]

- "Over the next several days, Lang's personal counsel explained the error of its position as well as the undue delay it had taken in providing a copy of Lang's actual policy…Lang's personal counsel explained that the original Complaint triggered a duty to defend and that State Farm was in violation of its duties to consider facts outside of the Complaint." [Docket Entry 18, pg. 11]

- At page 12 Lang's personal counsel explains that a bill for attorney's fees has not been submitted to State Farm because "it was a concern that the immediate seeking of past costs at that time could cause State Farm to take further adverse action to Lang…a decision was made not to risk further stress and personal expense to Lang by requesting from a hostile and self-interested State Farm past costs…" [Docket Entry 18, pg. 12]

These statements should also be disregarded because, in addition to not being attested in an affidavit of Lang's attorney, Lang's attorney cannot be an advocate and a witness. Collins Entertainment v. White, 611 S.E.2d 262 (S.C. App. 2005) – the roles of an advocate and of a witness are inconsistent; the function of an advocate is to advance or argue the cause of another, while that of a witness is to state facts objectively." 611 S.E.2d at 271 See also, In the Matter of Westmoreland, 577 S.E.2d 209 (S.C. 2003)

Finally, included in Lang's submissions is what Lang's counsel characterizes as a "Tyger River" letter [Docket Entry 19-7, pgs. 1-8] written after the filing of this lawsuit and the response to that letter from counsel for State Farm. [Docket Entry 19-8]  The submission of these letters is inappropriate and in any event has no relevance to the motion pending before the Court.

### LANG'S CLAIM FOR ATTORNEY'S FEES INCURRED DEFENDING PATTERSON'S LAWSUIT AGAINST LANG

At page 25 Lang states "there is a question of fact whether State Farm has wrongfully withheld Lang's legal expenses." [Docket Entry 18, pg. 25]  It is uncontested that Lang has not, however, submitted a bill to State Farm.  The statement in Mary Dye's Affidavit that "neither I nor to my knowledge State Farm has received any bill for attorney's fees from Attorney Sweeney"

6

is uncontradicted. [Docket Entry 17-2, ¶ 15] Surely, Lang cannot expect State Farm to pay some unknown amount of a bill which has never been submitted.

## DISCOVERY

Page 15 of Lang's brief lists several topics of anticipated discovery and claims Lang should have "a fair opportunity for discovery…" [Docket Entry 18, pg. 15] Left unexplained is how this anticipated discovery will create a question of fact on the duty to defend. No deposition and no written discovery will change the allegations in Patterson's Complaints against Lang nor the information Lang's counsel submitted to State Farm. The rule in state court and, presumably, the rule in federal court is that a party opposing summary judgment on the ground discovery is necessary must explain how that party will be prejudiced by an inability to conduct discovery. Middleborough v. Montebeson, 465 S.E.2d 765, 771 (S.C. App. 1995) A non-moving party to a summary judgment motion must demonstrate the likelihood that further discovery will uncover additional relevant evidence and that the party is not merely engaged in a fishing expedition. CEL Products v. Rozell, 591 S.E.2d 643, 646 (S.C. App.2004)

## STATE FARM FIRE AND CASUALTY COMPANY v. BLANTON AND STATE FARM FIRE AND CASUALTY COMPANY V. MITCHELL ARE INAPPOSITE.

Decisions by other United States District Court Judges, while persuasive, are not binding upon this Court. In any event, neither case creates a duty upon State Farm to defend Lang nor support any of Lang's counterclaims. Additionally, after the Blanton and Mitchell decisions in 2015 and 2016, respectively, the South Carolina Supreme Court decided Ex Parte: Builders Mutual v. Island Pointe, 847 S.E.2d 87 (S.C. 2020), which recognized an insurer's right and ability to pursue a declaratory judgment action to contest coverage for any verdict.

The decision in <u>Blanton</u> was issued after the trial of the underlying action. The issue before Judge Harwell was a claim by the insured Allgire that the verdict in the underlying case was covered or, in other words, that State Farm had a duty to indemnify Allgire. In considering the duty to indemnify Judge Harwell stated "the Court does not believe that the issues presented in the declaratory judgment action were fully and fairly litigated in state court" and that "the Court will schedule a bench trial to determine the factual issues in State Farm's declaratory judgment action in early 2016…" <u>Blanton</u>, therefore, addressed the duty to indemnify which is not at issue in State Farm's Motion for Partial Summary Judgment.[1]

As for Judge Wooten's decision in <u>Mitchell</u>, the Court held that State Farm did have a duty to defend the insured Mitchell because, among other things, " Mitchell asserts he was acting in self-defense…" With all due respect to Judge Wooten, a claim by the insured of acting in self-defense is relevant to the duty to indemnify, not the duty to defend. Any ruling otherwise would allow an insured to create a duty to defend simply by claiming to have acted in self-defense. As for the ruling in <u>Mitchell</u> concerning the duty to indemnify, that issue is not before this Court and, in any event, subsequent to <u>Mitchell</u> the South Carolina Supreme Court set forth the procedure for adjudicating the duty to indemnify. <u>Ex Parte: Builders Mutual v. Island Pointe</u>, 847 S.E.2d 87 (S.C. 2020)

Both <u>Blanton</u> and <u>Mitchell</u> do hold it is the insured's burden to establish that a claim falls within the coverage of the insurance contract. It is therefore incumbent upon Lang to establish a duty to defend based upon either allegations in Patterson's Complaints or information external to

---

[1] Judge Harwell also stated that "state and federal jurisdictions throughout the country have repeatedly held that the filing of a declaratory judgment, by itself, does not constitute an act of bad faith on the part of the insurer." [Docket Entry 18-14, pg. 10]

8

that Complaint known to State Farm. Lang must, in other words, demonstrate Patterson's Complaints allege an accident or the submissions to State Farm beyond Lang's denials demonstrate an accident. This has not been done.

## CONCLUSION

Patterson's Complaint and Amended Complaint do not create a duty of State Farm to defend Lang. None of the information provided to State Farm external to Patterson's Complaint create a duty to defend. As pointed out in State Farm's memorandum in support of its Motion for Partial Summary Judgment, all State Farm had done is:

1. Provide a defense to Lang under a reservation of rights; and
2. File this declaratory judgment action.

These actions do not as a matter of law amount to bad faith.

[*signature page to follow*]

9

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: s/ CHARLES R. NORRIS
    Charles R. Norris
    Federal Bar No. 2549
    E-Mail: charles.norris@nelsonmullins.com
    151 Meeting Street / Sixth Floor
    Post Office Box 1806 (29402-1806)
    Charleston, SC  29401-2239
    (843) 853-5200

GALLIVAN, WHITE & BOYD, P.A.

By: s/ NICHOLAS A. FARR
    Nicholas A. Farr
    Federal Bar No. 11069
    E-Mail: nfarr@gwblawfirm.com
    55 Beattie Place, Suite 1200
    Post Office Box 10589
    Greenville, SC  29603
    (864) 271-9580

*Attorneys for State Farm Fire and Casualty Company*

Charleston, South Carolina
August 17, 2021