## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| State Farm Fire and Casualty Company, ) | C/A. No. 2:21-1063-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Alan Joseph Lang and Michael J. Patterson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Plaintiff State Farm Fire and Casualty Company ("Insurer")'s motion for partial summary judgment. (Dkt. No. 17). For the reasons set forth below, the Court grants in part and denies in part Insurer's motion for partial summary judgment.

### I.   Background

Insurer filed this declaratory judgment action to determine the rights, duties, and obligations of the parties under a homeowner's policy it issued to Defendant Alan Joseph Lang, its insured, bearing policy number 40-CF-A300-3 (the "Policy").

On November 9, 2020, Defendant Michael J. Patterson filed an amended complaint against Lang in the Court of Common Pleas for Dorchester County, South Carolina captioned *Patterson v. Lang*, No. 2020-CP-18-1518 (the "Underlying Action"). Patterson alleges that, on April 13, 2019, Lang went to a seafood restaurant with a friend. Patterson alleges that Lang was at this restaurant too and that, "for no apparent reason, [Lang] hit [Patterson] in the face." Patterson alleges that Lang was arrested and charged with Assault & Battery in the third degree. As per his amended complaint in the Underlying Action, Patterson brings causes of action against Lang for: (1) Battery; (2) Assault; and (3) Negligence. (Dkt. No. 1-1).

On April 12, 2021, Insurer initiated the instant action under the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Fed. R. Civ. P. 57 to determine whether Insurer has a duty to defend or indemnify Lang for the claims arising out of the Underlying Action. Insurer alleges that an exclusion in the Policy bars coverage. (Dkt. No. 1 at 3).

On May 6, 2021, Lang filed an answer and counterclaims to Insurer's complaint. (Dkt. No. 8). Lang asserts eight counterclaims against Insurer: (1) Bad Faith/Breach of the Duty of Good Faith and Fair Dealing; (2) South Carolina Unfair Trade Practices Act ("SCUTPA") violation; (3) Negligent Misrepresentation; (4) Breach of Contract; (5) Unjust Enrichment; (6) Frivolous Proceedings Act; (7) Declaratory Judgment: State Farm has a Duty to Defend; and (8) *Cumis* Counsel and Reimbursement.

On July 27, 2021, Insurer moved for partial summary judgment as to: (1) Insurer's duty to defend Lang in the Underlying Action; and (2) the entirety of Lang's counterclaims. (Dkt. No. 17). Lang filed an opposition. (Dkt. No. 18). Insurer filed a reply. (Dkt. No. 24).

Insurer's motion is fully briefed and ripe for disposition.

**II.     Legal Standard**

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold*, *Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)); *Lilly v. Crum*, No. 2:19-CV-00189, 2020 WL 1879469, at *4 (S.D.W. Va. Apr. 15, 2020) (noting that the "mere existence of a scintilla of evidence in

2

support of the plaintiff's position will be insufficient" to create a genuine dispute) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

### III. Discussion

#### a) Relevant Facts

The Policy provides personal liability coverage for bodily injury or property damage. (Dkt. No. 1 at 3). An "occurrence" is defined as "an accident . . . which first results in" either bodily injury or property damage. (*Id.* at 4). Excluded from coverage, however, is the following:

**Section II—Exclusions**

1.     Coverage L and Coverage M do not apply to:

   a.     **bodily injury** or **property damage:**

   (1) which is either expected or intended by the **insured**;

   or

   (2) which is the result of willful and malicious acts of the **insured** . . . .

(*Id.* at 4).

On September 17, 2020, Patterson filed his original complaint against Lang. (Dkt. No. 18-5). The complaint brought claims for (1) battery and (2) assault and alleged that Lang, "for no apparent reasons, hit [Patterson] in the face." (*Id.* at 4-5). The original complaint included as its Exhibit A "a copy of the police incident reports from the officers that responded to the incident that night." (*Id.* at 3). The "Narrative" section of one report indicated that a particular officer spoke with Lang:

> I made my way over to FTO Blankenship who was standing with Lang. I told Lang to place his hands behind his back, I placed him into handcuffs which were checked for fit and double locked. I spoke with Lang and asked him what had happened. *Lang stated he had previously had a problem with Patterson weeks prior making inappropriate comments to his girlfriend while at the Shuckin Shack. Lang stated*

> *tonight Patterson continued to make more inappropriate comments to Lang's girlfriend and he became angry with Patterson and felt he had to protect his girlfriend and struck him.*

(*Id.* at 9) (emphasis added). Another report was drafted by "Garcia, K" and indicated that Garcia also "spoke with the suspect, Alan Lang, [w]ho stated nothing had occurred, nothing physical had taken place and that this was a misunderstanding." (*Id.* at 11). Lang emailed Insurer a copy of the original complaint on September 24, 2020. (Dkt. No. 28 at 8).

On October 7, 2020, Insurer sent Lang a coverage denial letter which found that the original complaint did not trigger coverage per the above-described exclusion. (Dkt. No. 17-2 at 21-24).

On November 9, 2020, Patterson filed an amended complaint. (Dkt. No. 1-1). The amended complaint brought claims for (1) battery, (2) assault, and (3) negligence. The amended complaint was almost identical to the original complaint but for its addition of a negligence claim. As it regarded negligence, the amended complaint alleged that:

> 28. The Defendant owed the Plaintiff a duty of care to act reasonably as a co-patron in a public place and to refrain from acting unreasonably in physically contacting the Plaintiff.
>
> 29. To the extent the Defendant alleges self-defense or provocation as a defense in this matter, if any, the Defendant did not act reasonably under the circumstances and breached his duty of care.

(*Id.* at 6-7). Lang's personal counsel provided a copy of the amended complaint to Insurer on November 18, 2020. (Dkt. No. 18 at 11).

On November 23, 2020, Lang filed an answer to the amended complaint in which he asserted factual denials and affirmative defenses including self-defense, defense of others, provocation, comparative negligence, intervening negligence, and sudden emergency. (Dkt. No. 19-5). On November 24, 2020, Lang's attorney provided Insurer a copy of Lang's answer to the

4

amended complaint. (Dkt. No. 19-6). Subsequently, "[i]n mid-December 2020, [Insurer] retained defense counsel for Lang" in the Underlying Action under a reservation of rights. (Dkt. No. 18 at 12); (Dkt. No. 1 ¶ 13) ("State Farm is currently defending Lang in connection with the Underlying Lawsuit under a full reservation of rights.").

### b) Insurer's Duty to Defend

Under South Carolina law, "[q]uestions of coverage and the duty of a liability insurance company to defend a claim brought against its insured are determined by the allegations of the complaint." *City of Hartsville v. South Carolina Mun. Ins. & Risk Fin. Fund*, 382 S.C. 535, 543 (2009) (citing *C.D. Walters Const. Co. v. Fireman's Ins. Co. of Newark, N.J.*, 281 S.C. 593, 594 (Ct. App. 1984)). If the "underlying complaint creates a possibility of coverage under an insurance policy, the insurer is obligated to defend" its insured. *Id*. at 544 (citing *Gordon-Gallup Realtors, Inc. v. Cincinnati Ins. Co.*, 274 S.C. 468 (1980)). Moreover, "[a]lthough a determination of an insurer's duty to defend is dependent upon the complaint, an analysis of this duty involves the allegations of the complaint and not the specifically identified causes of action." *Id.* at 544–45. "An insurer's duty to defend may arise from facts outside of the complaint that are known to the insurer." *Id.* at 545.

It is the insured's burden to establish that a claim falls within the coverage of an insurance contract. *Jensen v. Selective Ins. Co. of Se.*, No. 4:12–cv–02133–RBH, 2013 WL 3148341, at *2 (D.S.C. June 19, 2013) (citing *Gamble v. Travelers Ins. Co.*, 251 S.C. 98, 102 (1968)). Alternatively, the insurer shoulders the burden of establishing the exclusions to coverage and the exclusion is construed "most strongly" against the insurer. *Id.* (citing *Boggs v. Aetna Cas. & Sur. Co.*, 272 S.C. 460, 252 S.E.2d 565, 568 (1979)). However, an insured party bears the burden of proving an exception to an exclusion. *Ross Dev. Corp. v. PCS Nitrogen Inc.*, Nos. 12–2059, 12–

2454, 2013 WL 2440844, at *3 (4th Cir. June 6, 2013) (citing *Helena Chem. Co. v. Allianz Underwriters Ins. Co.*, 357 S.C. 631, 636, 594 S.E.2d 455, 460 n.5 (2004)).

The Court denies Insurer's motion for summary judgment as to its duty to defend Lang. Attached to the original complaint—as well as the amended complaint—were the police reports discussed *supra*. These reports contained statements from Lang that he acted in self-defense or defense of other another while striking Patterson. *See* (Dkt. No. 18-9 at 9, 11). These allegations[1] created a "possibility of coverage under" the Policy. *See City of Hartsville*, 382 S.C. at 543. And while the original and amended complaints certainly contained allegations contrary to Lang's statements regarding the altercation with Patterson, *see, e.g.*, (Dkt. No. 1-1 ¶ 7) ("While Plaintiff was talking to his friend, [Lang], for no apparent reason, hit the Plaintiff in the face with his fist . . . ."), these contrary allegations do not negate the possibility raised by the complaint itself that Lang acted in self-defense or defense of another, *see State Farm Fire and Cas. Co. v. Mitchell*, No. 3:15-cv-1673-TLW, 2016 WL 5661690, at *4, 6 (D.S.C. Sept. 30, 2016) (analyzing an exclusion nearly identical to the one here and finding a possibility of coverage where the pleadings and insured's deposition testimony raised the possibility the insured acted in self-defense while striking the underlying plaintiff). *See also Prior v. S.C. Med. Malpractice Liab. Ins. Joint Underwriting Ass'n*, 305 S.C. 247, 249 (Ct. App. 1991) (discussing an insurer's duty to defend and stating "[i]n examining the complaint, we must look beyond the labels describing the acts, to the acts themselves which form the basis of the claim against the insurer").

---

[1] *See Efland v. Mills*, No. 2017-001130, 2019 WL 2880950, at *1 (S.C. Ct. App. July 3, 2019) (citing SCRCP 10(c) which states that "[a] copy of any . . . *document*, or other paper which is an exhibit to a pleading is a part thereof for all purposes if a copy is attached to such pleading.") (emphasis added).

The Court therefore denies Insurer's motion for summary judgment as to its duty to defend and finds, to the contrary, that Insurer owes Lang a defense in the Underlying Action.[2]

### c) Breach of the Duty of Good Faith and Fair Dealing

Insurer argues it is entitled to summary judgment on Lang's counterclaim for breach of the duty of good faith and fair dealing.

Every contract contains an implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other to receive the benefits of the agreement. *Nichols v. State Farm Mut. Auto Ins. Co.,* 279 S.C. 336, 306 S.E.2d 616 (1983). An insurer breaches this covenant of good faith implied within the insurance contract if the following elements are met: (1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) a refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of the implied covenant of good faith and fair dealing arising under the contract; (4) causing damage to the insured. *Bartlett v. Nationwide Mut. Ins. Co.,* 290 S.C. 154, 348 S.E.2d 530 (Ct. App. 1986); *Nichols,* 306 S.E.2d at 616. Generally, under South Carolina law, an insured may recover damages for bad faith denial of coverage if she proves that there was no reasonable basis to support the insurer's decision to deny benefits under a mutually binding insurance contract. *Ocean Winds Council of Co-Owners, Inc. v. Auto-Owners Ins. Co.,* 241 F.Supp.2d 572, 576 (D.S.C. 2002) (quoting *Tadlock Painting Co. v. Maryland Cas. Co.,* 322 S.C. 498, 473 S.E.2d 52, 53 (1996)). Stated differently, if there was

---

[2] *Cf. MAG Mut. Ins. Co. v. Brown*, No. 6:14-cv-353, 2015 WL 13648556, at *9 (D.S.C. July 24, 2015) (rejecting various arguments advanced by insurer as to why it had no duty to indemnify its insured and reasoning that "the court's ruling on [insurer's] motion for summary judgment . . . implicitly held that [insurer] has a duty to defend those cases"); *Id.* (noting "a declaration that [insurer] has no such duty would be inherently inconsistent with this court's ruling on [insurer's] motion for summary judgment").

7

an objectively reasonable ground for contesting an insurance claim, there is no bad faith in the denial of it. *Mixson, Inc. v. Am. Loyalty Ins. Co.,* 349 S.C. 394, 562 S.E.2d 659 (Ct. App. 2002). Whether such an objectively reasonable basis for denial existed depends on the circumstances existing at the time of the denial. *State Farm Fire and Cas. Co. v. Barton,* 897 F.2d 729 (4th Cir. 1990) (interpreting South Carolina law). When conflicting evidence is presented, summary judgment on the issue of bad faith is generally inappropriate; however, a court may grant summary judgment on this issue if, viewing the evidence in the light most favorable to the plaintiff, no reasonable finder of fact could have found for the plaintiff on her bad faith claim. *See Foster v. Tandy Corp.,* 828 F.2d 1052, 1055 (4th Cir. 1987).

The Court denies Insurer's motion for summary judgment on Lang's counterclaim for breach of the duty of good faith and fair dealing. Considering the above findings regarding Insurer's duty to defend Lang, the Court finds questions of material fact exist as to the viability of Lang's counterclaim. *See Varnadore v. Nationwide Mut. Ins. Co.*, 289 S.C. 155, 158 (1986) (rejecting as untenable insurer's position that it was entitled to a directed verdict on the issue of bad faith because "its own investigation" found a "reasonable basis" to deny insured's claim); *Id.* ("This position is not tenable. First, it binds the insured to the findings and conclusions of the insurer's own independent investigation; next, it effectually insulates the insurer from liability; and, finally, it forecloses a jury consideration of the insured's evidence of bad faith.").

Accordingly, Insurer's motion for summary judgement as to Lang's counterclaim for breach of the duty of good faith and fair dealing is denied.

    **d)**   **SCUTPA Violation**

Insurer next argues that it is entitled to summary judgment on Lang's counterclaim for violation of the South Carolina Unfair Trade Practices Act because insurance actions are exempt

under the statute. Lang does not contest this assertion. (Dkt. No. 18 at 22) ("Lang recognizes South Carolina law addressing the limitation of this cause of action against insurers . . . . Lang respectfully requests leave of Court to amend his Counterclaim to omit any claim for unfair trade practices but to assert State Farm's various violations of S.C. § 38-59-20 in his allegations of bad faith.").

Accordingly, the Court grants Insurer summary judgment on Lang's counterclaim for violation of SCUTPA.

### e) Negligent Misrepresentation

To establish a claim for negligent misrepresentation, a party must show: "(1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the representation; (3) the defendant owed a duty of care to see that he communicated truthful information to the plaintiff; (4) the defendant breached that duty by failing to exercise due care; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as the proximate result of his reliance upon the representation." *Sauner v. Pub. Serv. Auth. of S.C.*, 354 S.C. 397, 407, 581 S.E.2d 161, 166 (2003).

Insurer argues it is entitled to summary judgment on Lang's counterclaim for negligent misrepresentation because the correspondence between itself and Lang contains no false statements of material fact and Insurer agreed—after Patterson filed his amended complaint in the Underlying Action—to defend Lang under a reservation of rights. Insurer also argues that Lang cannot demonstrate any damages. (Dkt. No. 17-1 at 8-9). In opposition, Lang contends that Insurer made various misrepresentations to Lang and that, in any event, Insurer's "motion is unripe." (Dkt. No. 18 at 22-23).

9

The Court denies Insurer's motion for summary judgment on the above claim.  As noted in Lang's opposition, around November 2, 2020, in response to Lang's request for a copy of the Policy, one of Insurer's employees—Mark Black—seemingly sent Lang a copy of a policy which may have contained language different from what was in fact contained in the Policy. *See* (Dkt. No. 19-1); (Dkt. No. 18 at 10) (arguing that "[u]p until the time that State Farm finally produced Lang his actual policy on December 3, 2020, Lang relied on the surrogate policy to contain accurate policy language with the understanding that the materially different language could deprive him of any coverage under the policy—coverage which he in fact possessed").  Given that, at this time, the significance of the so-called "surrogate policy" is unclear vis-à-vis Lang's counterclaim for negligent misrepresentation, the Court denies Insurer's motion for summary judgment on this claim.

### f) Breach of Contract

Next, Insurer argues that it is entitled to summary judgment on Lang's counterclaim for breach of contract because it eventually provided him with a defense in the Underlying Action. Lang responds that Insurer owed him "a defense since the beginning of this claim" and that, accordingly, summary judgment should be denied.

"The elements for a breach of contract are the existence of a contract, its breach, and damages caused by such breach." *S. Glass & Plastics Co. v. Kemper,* 399 S.C. 483, 491–92, 732 S.E.2d 205, 209 (Ct. App. 2012).

As the Court found *supra* that Insurer has a duty to defend Lang in the underlying action, the Court denies Insurer's motion for summary judgment as to Lang's claim for breach of contract.

### g) Unjust Enrichment

Unjust enrichment is an equitable doctrine, akin to restitution, which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff. *Barrett v. Miller*, 283 S.C. 262, 264, 321 S.E.2d 198, 199 (Ct. App. 1984). The elements to recover for unjust enrichment based on quantum meruit, quasi-contract, or implied by law contract, which are equivalent terms for equitable relief, are: "(1) a benefit conferred by the plaintiff upon the defendant; (2) realization of that benefit by the defendant; and (3) retention of the benefit by the defendant under circumstances that make it inequitable for him to retain it without paying its value." *Regions Bank v. Wingard Props., Inc.*, 394 S.C. 241, 257, 715 S.E.2d 348, 356 (Ct. App. 2011).

Insurer argues that it is entitled to summary judgment on this claim because it has not retained any benefits or money which in equity belong to Lang. (Dkt. No. 17-1 at 10) (noting that, to date, Insurer has not received any request for attorney's fees from Lang) (citing Affidavit of Mary Dye, Claims Specialist (Dkt. No. 17-2)); (Dkt. No. 17-2 at 27) (November 20, 2020 email between Insurer and Lang's counsel stating that, if Insurer "determines we owe Mr. Lang a defense of the Amended Complaint, we will reimburse reasonable attorney's fees"). In opposition, Lang argues that "[d]iscovery is in its infancy and State Farm's motion is unripe. As previously discussed, State Farm has accepted Lang's premiums and wrongfully withheld benefits it lawfully owes him under the terms of the policy." (Dkt. No. 18 at 25) (noting the "policy reason behind bad faith against an insurer . . . acknowledges the reality that insurance companies are able to make interest off of wrongfully withheld insured's benefits or liability funds wrongfully withheld from third-parties").

For substantially the same reasons stated above regarding Lang's breach of contract claim, the Court denies Insurer's motion for summary judgment on Lang's counterclaim for unjust enrichment.

### h) South Carolina Frivolous Civil Proceedings Sanctions Act

Insurer next seeks summary judgment on Lang's counterclaim for violation of the South Carolina Frivolous Civil Proceedings Sanctions Act ("FCPSA"). S.C. Code Ann. § 15-36-10. Lang's counterclaim for violation of the FCPSA alleges that Insurer's "position in this case lacks a proper basis and its actions surrounding and in bringing this lawsuit constitute an unreasonable attempt to avoid due obligations owed under established law." (Dkt. No. 8 ¶ 60).

The Court grants Insurer's motion for summary judgment on this claim to the extent that the Court dismisses Lang's FCPSA claim without prejudice. Insurer is correct that "[m]otions made pursuant to the FCPSA are post-trial motions." *Holmes v. East Cooper Cmty. Hosp., Inc.*, 408 S.C. 138, 160 (2014); § 15-36-10(C)(1) ("At the conclusion of a trial and after a verdict for or a verdict against damages has been rendered or a case has been dismissed by a directed verdict, summary judgment, or judgment notwithstanding the verdict, upon motion of the prevailing party, the court shall proceed to determine if the claim or defense was frivolous."); *Holmes*, 408 S.C. at 160-61 (noting "a party has ten days after the filing of a court order to file a motion pursuant to the FCPSA); *Carson v. Emergency MD, LLC*, No. CV 6:20-1946-HMH, 2020 WL 6489528, at *3 (D.S.C. Nov. 3, 2020) (dismissing a FCPSA counterclaim without prejudice as unripe) (citing *Holmes*, 758 S.E.2d at 495).

Accordingly, the Court finds that Lang's FCPSA cause of action is unripe and dismisses it without prejudice.

### i) Duty to Defend

Insurer next seeks summary judgment on Lang's eighth counterclaim seeking a declaratory judgment that Insurer has a duty to defend Lang in the Underlying Action.

As the Court has denied Insurer's motion for summary judgment on this same issue and found that Insurer owes Lang a defense in the Underlying Action, *see supra*, the Court likewise denies Insurer's motion for summary judgment on this counterclaim.

### j) *Cumis* Counsel and Reimbursement

Paragraphs 72 and 73 of Lang's counterclaim allege Lang is entitled to reimbursement of attorney's fees and Insurer is required to provide Lang with suitable "*Cumis*" counsel.

Insurer argues—and Lang does not contest in his opposition—that "no South Carolina state appellate court has adopted *San Diego Navy Federal Credit Union v. Cumis International Society*, 208 Cal. Rptr. 494 (4th District 1984), which adopted a *per se* disqualification rule of counsel hired by an insurance company where an insurance company is defending the insured under a reservation of rights." (Dkt. No. 17-1 at 12); *see* (Dkt. No. 18 at 26-27).

Accordingly, the Court grants Insurer summary judgment on Lang's eighth counterclaim as to his request for *Cumis* counsel.

As to Lang's request for reimbursement of attorney's fees, the Court declines to grant Insurer summary judgment on this issue. As discussed *supra*, the Court has found a duty to defend Lang exists. Accordingly, summary judgment on this counterclaim in Insurer's favor would be inappropriate at this time.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Insurer's motion for partial summary judgment (Dkt. No. 17). Because it is improper as a counterclaim, Lang's sixth counterclaim for violation of the FCPSA is dismissed without prejudice. Further, the Court grants Insurer summary judgment on Lang's third counterclaim for violation of SCUTPA and Lang's eighth counterclaim to the extent that the Court finds Lang is not entitled to *Cumis* counsel. Insurer's motion is otherwise **DENIED.**

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 27, 2021
Charleston, South Carolina