# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| State Farm Fire and Casualty Company, ) | C/A. No. 2:21-1063-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Alan Joseph Lang and Michael J. Patterson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Defendant Alan Joseph Lang's motion for to amend. (Dkt. No. 33). For the reasons set forth below, the Court grants in part and denies in part Defendant's motion.

## I.     Background

Plaintiff State Farm Fire and Casualty Company ("Insurer") filed this declaratory judgment action to determine the rights, duties, and obligations of the parties under a homeowner's policy it issued to Defendant Alan Joseph Lang, its insured, bearing policy number 40-CF-A300-3 (the "Policy").

On November 9, 2020, Defendant Michael J. Patterson filed an amended complaint against Lang in the Court of Common Pleas for Dorchester County, South Carolina captioned *Patterson v. Lang*, No. 2020-CP-18-1518 (the "Underlying Action"). Patterson alleges that, on April 13, 2019, Lang went to a seafood restaurant with a friend. Patterson alleges that Lang was at this restaurant too and that, "for no apparent reason, [Lang] hit [Patterson] in the face." Patterson alleges that Lang was arrested and charged with Assault & Battery in the third degree. As per his amended complaint in the Underlying Action, Patterson brings causes of action against Lang for: (1) Battery; (2) Assault; and (3) Negligence. (Dkt. No. 1-1).

On April 12, 2021, Insurer initiated the instant action under the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Fed. R. Civ. P. 57 to determine whether Insurer has a duty to defend or indemnify Lang for the claims arising out of the Underlying Action.

On May 6, 2021, Lang filed an answer and counterclaims to Insurer's complaint. (Dkt. No. 8). Lang asserts eight counterclaims against Insurer: (1) Bad Faith/Breach of the Duty of Good Faith and Fair Dealing; (2) South Carolina Unfair Trade Practices Act ("SCUTPA") violation; (3) Negligent Misrepresentation; (4) Breach of Contract; (5) Unjust Enrichment; (6) Frivolous Proceedings Act; (7) Declaratory Judgment: State Farm has a Duty to Defend; and (8) *Cumis* Counsel and Reimbursement.

On July 27, 2021, Insurer moved for partial summary judgment. (Dkt. No. 17).

On August 27, 2021, the Court granted in part and denied in part Insurer's motion for partial summary judgment. (Dkt. No. 25). The Court dismissed without prejudice Lang's counterclaim for violation of the Frivolous Proceedings Act, granted Insurer summary judgment on Lang's Second cause of action, and granted Insurer summary judgment on Lang's Eighth cause of action to the extent Lang alleged he was entitled to *Cumis* counsel.

On December 29, 2021, Lang moved to amend his answer to Insurer's complaint and his counterclaims against Insurer. (Dkt. No. 33). Insurer opposes. (Dkt. No. 39). Lang filed a reply. (Dkt. No 43).

Lang's motion is fully briefed and ripe for disposition.

**II.     Legal Standard**

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading as a matter of course within 21 days after service of said pleading, or within 21 days after service of a motion to dismiss. Fed. R. Civ. P. 15(a)(1). In all other cases a party may amend its complaint "only with the

2

other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Federal Rule instructs courts to "freely give leave when justice so requires." *Id.* Under Rule 15, "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile." *Martin v. Boeing Co.*, No. 2:16-cv-02797-DCN, 2016 WL 7239914, at *2 (D.S.C. Dec. 15, 2016) (quoting *Foster v. Wintergreen Real Estate, Co.*, 363 Fed.Appx. 269, 276 (4th Cir. 2010)).

Where a motion to amend the pleadings is filed after the deadline established by the court's scheduling order, the party seeking such an amendment must satisfy the "good cause" requirements of Rule 16(b), in addition to the requirements of Rule 15. *George v. Duke Energy Ret. Cash Balance Plan*, 560 F. Supp. 2d 444, 480 (D.S.C. 2008). Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The 'good cause' requirement of Rule 16(b) is unlike the more lenient standard of Rule 15(a) in that Rule 16(b) 'does not focus on the bad faith of the movant, or the prejudice to the opposing party,' but focuses on the diligence of the party seeking amendment." *George*, 560 F. Supp. 2d at 480 (quoting *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997)). "'Good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Id.* (quoting *Dilmar*, 986 F. Supp. at 980).

### III.    Discussion

Lang moves to amend his answer and counterclaims to "omit[] previously dismissed claims, clarify[y] the allegations against State Farm, assert[] additional bases for bad faith (due to information learned in discovery), add[] a counterclaim for agency (due to information learned in discovery), and add[] a counter claim enumerating various avenues for recovery of costs and attorney's fees." (Dkt. No. 33 at 1). Specifically, Lang seeks to incorporate: (1) a claim for

3

violation of the South Carolina Unfair Claims Practices Statute; (2) allegations into his bad faith claim regarding an alleged violation of Insurer's internal policies; (3) a cause of action for "agency" against Mark Black; and (4) a cause of action "specifying various avenues for the collection of attorney's fees and costs."

First, Insurer opposes amendment on the grounds that Lang's motion is untimely. Insurer argues that the First Amended Scheduling Order gave the parties until September 3, 2021 to move to amend pleadings, (Dkt. No. 13), and that this deadline expired without a request for extension, (Dkt. No. 39 at 1). Insurer then notes that while the parties requested, and the Court issued, both a Second and a Third Amended Scheduling Order, Lang never therein requested to "extend the September 3, 2021 deadline to amend pleadings prior to its expiration." (*Id.*). Thus, concludes Insurer, because Lang's motion to amend was filed on December 29, 2021, and because Lang does not establish "good cause" under Rule 16 in his motion, Lang's motion is untimely and should be denied.

The Court finds that Lang has established good cause under Rule 16. As noted in his motion, many of the amendments Lang seeks to make are based on information obtained through discovery and thus based on information which Lang could not have known when filing his original answer. *See* (Dkt. No. 33 at 3-4) (noting that, through discovery, Lang obtained documents from Insurer regarding its internal policies—documents on which Lang now seeks to amend in part). Further, Lang has moved to amend before the close of discovery. *See Walker v. Cardinal Logistics Mgmt. Corp.*, No. 8:19-CV-002130-GLS, 2020 WL 1986451, at *3 (D. Md. Apr. 27, 2020) (finding good cause established where amendments were based on information learned during discovery, motion to amend was filed prior to close of discovery, and where new affirmative defense "appears to be restricted to recent statements made by Plaintiff, and does not appear to

4

require additional, burdensome discovery"). Finally, while Lang "delayed" or otherwise waited roughly three months to file the instant motion, Insurer does not argue anywhere in its opposition that it will be prejudiced by Lang's proposed amendments. *See Hunt Valley Baptist Church, Inc. v. Baltimore Cty., Maryland*, No. CV ELH-17-804, 2019 WL 3238950, at *3 (D. Md. July 17, 2019) ("In determining whether the moving party has met its burden to show good cause, courts may consider 'whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party.'") (quoting *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 519-20 (D. Md. 2014)).

Thus, for the reasons stated above, the Court finds good cause established under Rule 16(b).

Next, in the context of Rule 15(a), Insurer argues that Lang's motion should be denied because the proposed amendments are frivolous or unnecessary.

As to Plaintiff's third proposed amendment, namely Lang's proposed Sixth Cause of Action for "Agency," the Court finds the amendment futile. As Insurer argues, and as Lang does not substantively dispute, no cause of action for "agency" exists in South Carolina. *See, e.g., Triplett v. Soleil Grp., Inc.*, 664 F. Supp. 2d 645, 653 (D.S.C. 2009) (the determination of an agency relationship serves as a theory for vicarious liability with regard to other alleged causes of action); *R & G Const., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 434, 540 S.E.2d 113, 118 (Ct. App. 2000) (same); *see also Woods v. Boeing Co.*, 841 F. Supp. 2d 925, 930 (D.S.C. 2012) ("If an amendment would fail to withstand a motion to dismiss, it is futile."). Accordingly, Lang's motion to amend is denied as to his "agency" claim.

As to Lang's remaining proposed amendments, however, the Court finds that they are not frivolous.

First, based on Insurer's Operation Guidelines—which were produced in discovery—Lang seeks to amend his bad faith counterclaim to allege a violation of S.C Code Ann. § 38-59-20. (Dkt. No. 33 at 3) (citing Insurer documents stating that "All claim personnel (claim handlers, team managers, and section managers) should be familiar with the *Unfair Claim Practices Act that may be applicable in their state*(s). All claims should be handled promptly and fairly in compliance with applicable statutes and regulations") (emphasis added).  Insurer argues this amendment is frivolous because the cited language does not specifically state it includes the laws of South Carolina. (Dkt. No. 39 at 5).  The Court finds Insurer's argument unavailing, however, as the cited language can clearly be construed to include the laws of South Carolina. Further, even if Lang's current claim for bad faith already impliedly included claims under § 38-59-20, (*Id.* at 6) (arguing amendment is unnecessary because "[e]ven if the Operation Guide quoted did adopt S.C. Code § 38-59-20 (which it plainly does not), there would be no reason to amend the bad faith counterclaim given it already contains the allegation State Farm acted in bad faith through violations of Title 38 Chapter 59 of the South Carolina Code of Laws, which would include section 38-59-20"), the Court finds no prejudice or harm to Insurer in permitting Lang to plead his bad faith claim with greater specificity.  Accordingly, Lang is granted leave to amend his bad faith claim as described above.

Second, Lang proposes to further amend his bad faith claim to allege that Insurer violated its own internal policies in bringing the instant declaratory judgment action.  (Dkt. No. 33 at 3-4) (citing internal policies Insurer produced in discovery stating that "Where it appears that a declaratory action to determine coverage will decide many of the same issues included in the tort action, the court generally will not rule on a declaratory action until after the tort action is complete. We should defend the insured in these instances under a Reservation of Rights until the appropriate

6

time for filing a Declaratory Relief Action. In some situations it may not be appropriate to file a declaratory judgment action at any time"). In opposition, Insurer argues that the use of the words "some" and "may" render the proposed amendment frivolous because such conditional language does not definitively establish Insurer "should not have filed" the instant action. (Dkt. No. 39 at 6) (citing (Dkt. No. 33 at 3)); (*Id.* at 4) (further arguing amendment is unnecessary because Lang's original answer and counterclaims already contain allegations concerning Insurer's filing of this declaratory judgment action). The Court again finds Insurer's argument unavailing and, to the contrary, finds amendment is not futile as the above cited language could theoretically apply to the facts of this case. Further, even if, as Insurer argues, the proposed amendment is duplicative to some degree of allegations found in Lang's original answer and counterclaims, the Court finds no harm or prejudice to Insurer in permitting Lang to clarify his allegations via the proposed amendments. Accordingly, Lang is granted leave to amend as described above.

Last, Lang seeks to add a counterclaim "enumerating various avenues for recovery of costs and attorney's fees." (Dkt. No. 33 at 6) (noting that the Court dismissed Lang's prior claim for *Cumis* counsel and arguing that the proposed amended pleading "includes reference to various South Carolina legal authorities which provide for the recovery of attorney's fees and costs. This is done in the exercise of caution and the good faith provision of notice that Defendant intends to seek an award of attorney's fees and costs to the extent authorized under South Carolina law"). While Insurer argues that there is no standalone cause of action for attorney's fees or costs, (Dkt. No. 39 at 7), the Court finds that Lang's proposed amendment is not futile because it states how Lang seeks to recover attorney's fees and costs from Insurer and furthers puts Insurer on notice of Lang's intent to seek such relief. *See* (Dkt. No. 33-1 ¶¶ 69) (asserting a right to recover attorney's fees and costs pursuant to the Policy and alleging "[i]n addition to rights arising under contract,

equity, and as actual or consequential damages of various causes of action, Defendant asserts a right to recover costs and fees pursuant to, inter alia, FRCP 54, *Hegler v. Gulf Insurance Co.*, 270 S.C. 548, 243 S.E.2d 443 (1978), and S.C. Code § 38-59-40."). Accordingly, Lang is granted leave to amend as described above.

### IV.     Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Lang's motion to amend. (Dkt. No. 33). Defendant Lang's motion is **GRANTED** except as to his "agency" claim. Defendant Lang shall file on the public docket his amended answer and counterclaims on or before February 11, 2022.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

February 4, 2022  
Charleston, South Carolina